**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES R. WILLIAMS and | : | |
| NATALIE F. WILLIAMS, | : | |
|     Plaintiffs, | : | |
| | : | **CIVIL ACTION** |
|     v. | : | No. 22-4036 |
| | : | |
| JEANNE SORG et al., | : | |
|     Defendants. | : | |

**McHUGH, J.**                                                                                        **April 13, 2023**

**MEMORANDUM**

The *pro se* plaintiffs in this action assert an array of constitutional and state law claims against a wide range of defendants, all with some connection to the mortgage and deed of their residential property in Montgomery County, Pennsylvania. Among the defendants are multiple lenders, the Montgomery County Recorder of Deeds, and a judge, lawyer, and law firm involved or previously involved in this action. Plaintiffs' complaint is extremely short on facts and allegations of injury, even under the lenient pleading standards afforded to *pro se* litigants. As such, I will grant the moving Defendants' Motions to Dismiss.

**I.     Relevant Background**

Plaintiffs James R. Williams and Natalie F. Williams appear to be homeowners in Montgomery County, Pennsylvania. Plaintiffs' *pro se* complaint pleads minimal facts.[1] From what little is provided, it appears that Plaintiffs sought a mortgage at some unspecified point in time from "the Bank," though Plaintiffs never specify which of the named Defendants is "the

---

[1] I note that I hold Plaintiffs to "less stringent standards than formal pleadings drafted by lawyers" and liberally construe their pleadings because they are proceeding pro se. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Bank." Am. Compl. ¶¶ 18-19. Plaintiffs entered into a mortgage agreement with "the Bank," but this bank "refused to disclose material facts of the alleged agreement" underlying the loan. *Id.* ¶ 18. Plaintiffs do not specify the "material facts" that were withheld at the time they entered into the agreement.[2] Read in its entirety, however, the Amended Complaint suggests that Plaintiffs were unaware that the lender would register the property deed with the local government when they signed the mortgage agreement. *Id.* ¶¶ 23-24. Plaintiffs further allege that at some point during the lifetime of the mortgage agreement, "the Bank" altered the terms of the original agreement and forged one of the Plaintiffs' signatures on the new document. *Id.* ¶¶ 11, 18. The mortgage lender also filed a foreclosure action on Plaintiffs' property at some point. *See id.* ¶ 6 (noting "the foreclosure on the plaintiff's property").

In September 2022, Plaintiffs filed this action in state court against Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"), First Union Mortgage, Resource Bank, Countrywide Home Loans, MERS, MBNA America Delaware NA ("MBNA"), Aurora Loan Services, and Jeanne Sorg, in her official capacity as Recorder of Deeds for Montgomery County. *See* ECF 1-1.[3] The following month, MBNA and Mr. Cooper removed the action to federal court, and Recorder Sorg consented to the removal.[4] ECF 1. After MBNA and Mr. Cooper filed a joint motion to dismiss,

---

[2] Plaintiffs did not attach a copy of the alleged mortgage agreement to their original complaint nor their amended complaint.

[3] Plaintiffs filed a separate federal court action against many of the same Defendants several months prior, in April 2022, based on a similarly sparse set of facts about misrepresentations made by their mortgage lender. *See Williams v. First Union Mortg. et al.*, No. 2:22-cv-01395 (E.D. Pa. 2022) (McHugh, J.). In January 2023, I dismissed that case without prejudice for failure to make service upon any of the Defendants within 90 days of filing the complaint. *See id.* at ECF 11.

[4] The remaining Defendants have not been served, and "a defendant who has not been served need not consent to removal." *Brown v. Jevic*, 575 F.3d 322, 327 (3d. Cir. 2009).

ECF 4, Plaintiffs filed an Amended Complaint. ECF 5. The Amended Complaint repeated many of the same facts from the original complaint but altered the claims asserted. Plaintiffs now assert the following claims: (1) violation of 42 U.S.C. § 1983; (2) violation of constitutional due process rights; (3) conspiracy to commit real estate deed fraud; (4) forgery; (5) breach of contract; (6) real estate deed fraud; (7) obstruction of the administration of justice. *See* ECF 5 at 8. I then denied MBNA and Mr. Cooper's first motion to dismiss as moot, because Plaintiffs had filed an Amended Complaint supplanting the original.[5]

MBNA, Mr. Cooper, and Recorder Sorg (collectively, "moving Defendants") now move to dismiss Plaintiffs' Amended Complaint. *See* ECF 10 and 11. All three Defendants seek to dismiss the claims against them for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim for relief under Rule 12(b)(6). MBNA and Mr. Cooper also move to dismiss the Amended Complaint for failure to satisfy the pleading requirements of Rule 8.

## II.     Legal Standard

In this Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard described in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

---

[5] Plaintiffs contend that I have already resolved Defendants' Motion to Dismiss in Plaintiffs' favor, but this misunderstands federal civil procedure. *See* ECF 12 at 5. Because an Amended Complaint was filed, my prior order simply mooted the *original* motions to dismiss.

**III.    Discussion**

All of Plaintiffs' claims fail under Rule 12(b)(6).[6]  Even under the liberal pleading standard afforded to *pro se* litigants, I must still review a complaint "to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) . Plaintiffs' Amended Complaint makes broad allegations of fraud and unconstitutional conduct arising from their mortgage, the recording of their property deed with the county, and the removal of this action to federal court.  But none of these allegations present sufficient facts to state a cognizable claim against any of the moving Defendants, and these claims must be dismissed.

   *1.    Violation of due process of law and Section 1983 (Counts One and Two)*

Count One of the Amended Complaint asserts a violation of 42 U.S.C. § 1983.  But Section 1983 merely provides a mechanism for enforcing individual rights secured elsewhere in federal law and does not constitute a standalone cause of action.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).  As such, I treat Plaintiffs' Section 1983 claim as the vehicle for their claim under Count Two that Defendants violated their rights to due process.

Plaintiffs' due process claims against MBNA and Mr. Cooper necessarily fail because neither party is a state actor.  Constitutional claims are generally only cognizable when the government is responsible for the specific conduct giving rise to a claim.  *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141-42 (3d Cir. 1995).  A private actor may qualify as a governmental actor in limited circumstances, including when the private entity performs a traditional public

---

[6] Because I find that Plaintiffs' claims fail under Rule 12(b)(6), I do not address the moving Defendants' arguments regarding improper service of process or Rule 8.

4

function, when the government compels the private entity to take a particular action, or when the government acts jointly with the private entity. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).  Here, Plaintiffs broadly assert that "defendants violated the plaintiff's right to due process . . . by using an unfair court process." Am. Compl. ¶ 38.  Even assuming that the unspecified "defendants" here include MBNA and Mr. Cooper, use of the courts alone does not "turn a private citizen into a state actor."  *Gueson v. Feldman*, No. 2:00-cv-01117, 2001 WL 34355662, at *10 (E.D. Pa. Nov. 30, 2001) (Surrick, J.) (cleaned up).  Such actions by MBNA and Mr. Cooper are therefore insufficient to transform either party into a state actor, and any due process claims against them must be dismissed with prejudice.

Recorder Sorg, by contrast, is certainly a state actor as a county government official.  But any due process claim against Sorg fails because Plaintiffs fail to state any cognizable violation of their due process rights.  As best I can gather, the Amended Complaint alleges that Defendants violated Plaintiffs' "right" to have their case heard in state court when Defendants removed this case to federal court.  *See* Am. Compl. ¶¶ 9, 38 (referencing "the plaintiff's right to due process in state court" and stating that "defendants violated the plaintiff's right to due process . . . by using an unfair court process").  But such a right does not exist, and  Defendants have a statutory right to invoke federal jurisdiction.  *See* 28 U.S.C. § 1446 (specifying procedures for removal). Plaintiffs' due process claims against Recorder Sorg are therefore also dismissed with prejudice.

### 2. *Real estate deed fraud (Count Three)*

Count Three asserts a claim for "real estate deed fraud," and alleges that their lender committed such fraud when it failed to disclose that the lender would record the mortgage with the county. It further alleges that "the state" is complicit in this fraud.  Am. Compl. ¶¶ 5, 19. Preliminarily, I note that there is no cause of action for "real estate deed fraud" under Pennsylvania

5

law. Construed broadly, however, Plaintiffs' allegations on this issue seem to assert more general claims of fraud.

Under Pennsylvania law, a plaintiff asserting fraud must identify: (1) a misrepresentation; (2) material to the transaction; (3) which was made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance on the misrepresentation; and (6) injury was proximately caused by reliance. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005) (citing *Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534 (Pa. Super. Ct. 2003)). To sufficiently allege any claim involving fraud, the Federal Rules further require a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Third Circuit has explained that "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it" to their damage. *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006). Or, in more familiar terms, this rule requires a party asserting fraud to put forth "'all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where, and how of the events at issue.'" *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019) (quoting *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016)). Though generally entitled to more liberal standards of pleading, *pro se* plaintiffs are not exempt from the heightened pleading standards for fraud articulated by Rule 9(b). *Lawton v. Wells Fargo Bank, N.A.*, No. 2:22-cv-03294, 2023 WL 2539000, at *3 (E.D. Pa. Mar. 16, 2023) (McHugh, J.) (citing *Kaul v. Christie*, 372 F. Supp. 3d 206, 229 (D.N.J. 2019)).

Plaintiffs fail to meet this standard. Read liberally, the Amended Complaint implies that the lender did not disclose that it intended to record the property deed with Recorder Sorg while they held a mortgage lien on Plaintiffs' house. Am. Compl. ¶¶ 19, 24.[7] But the allegations are insufficient to meet the heightened pleading requirements for fraud. Plaintiffs do not describe this misrepresentation explicitly, fail to specify who this alleged lender is (among the array of financial defendants involved in this case), and do not identify any details regarding when, where, or how the misrepresentation was made. I will therefore dismiss this claim against all moving Defendants without prejudice.

### 3. Forgery (Count Four)

Plaintiffs also raise a claim of forgery. Plaintiffs' Amended Complaint sets forth elements of *criminal* forgery and does not identify any *civil* cause of action for forgery.[8] Defendants rightly point out that "[n]o private civil cause of action for forgery exists under Pennsylvania law." *Page v. Doyle*, No. 2:18-cv-609, 2018 WL 2976374, at *5 (E.D. Pa. June 12, 2018) (Kearney, J.) (citing *Robinson v. Coyle*, No. 700 MDA 2014, 2015 WL 6159415, at *5 (Pa. Super. Ct. Apr. 28, 2015)); *see also Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (stating that federal crime of forgery does not give rise to a civil cause of action). This claim will therefore be dismissed with prejudice.

---

[7] In this section of the Amended Complaint, Plaintiffs also state that their property deed "was never delivered or accepted by the plaintiffs." Am. Compl. ¶ 21. This is an allegation of misconduct properly asserted against the seller of their house, however, not against any of the Defendants involved in this case.

[8] The elements they list are also not the elements of the crime of forgery under Pennsylvania law. *See* 18 Pa. C.S. § 4101.

### 4. *Breach of Contract (Count Five)*

Count Five alleges breach of contract. To plead breach of contract under Pennsylvania law, a plaintiff must establish (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). Plaintiffs are not required to attach the mortgage agreement to their complaint to plead a breach of contract claim in federal court, *Udodi v. Stern*, 438 F. Supp. 3d 293, 300 (E.D. Pa. 2020) (Rufe, J.), but they must still present enough factual allegations for a court to determine the viability of the claim on a Rule 12(b)(6) motion. The Amended Complaint does not contain sufficient factual allegations to make out a claim of breach and satisfy this standard. Plaintiffs list various confusing allegations seemingly related to a "contract" and "agreement" with "the lender," but fail to specify many basic details about the contract, including the identity of the lender and any explanation for why the lender's breach of the agreement resulted in damages. I will therefore dismiss this claim without prejudice as to MBNA and Mr. Cooper, though I will dismiss this claim *with* prejudice as to Recorder Sorg because none of Plaintiffs' allegations about their "lender" plausibly implicate Sorg.

### 5. *Conspiracy to commit real estate deed fraud (Count Six)*

Because there is no cause of action for "real estate deed fraud" under Pennsylvania law, there is also no cause of action for conspiracy to commit real estate deed fraud. *See Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987) (stating that "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act"). Because Plaintiffs are *pro se*, however, I will review their claim as one for civil conspiracy more generally.

To state a claim for civil conspiracy, a plaintiff must allege "a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." *Church Mut. Ins. Co. v. All. Adjustment Grp.*, 102 F. Supp. 3d 719, 728-29 (E.D. Pa. 2015) (Sánchez, J.), *aff'd,* 708 F. App'x 64 (3d Cir. 2017); *see also Marion v. Bryn Mawr Tr. Co.,* 288 A.3d 76, 88 (Pa. 2023). The plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Fin. Plan. Org., Inc*., 800 F. Supp. 1244, 1249 (E.D. Pa. 1992) (Huyett, J.) (citing *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3rd Cir. 1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a pleading must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Plaintiffs do not plead any details about the alleged civil conspiracy in their Amended Complaint. Plaintiffs provide slightly more detail regarding this claim in their "Notice of Rebuttal," ECF 12, in which they suggest a conspiracy between their lender and the county government to illegally register their property title with Recorder Sorg. But I cannot consider these facts to rule on Defendants' Motions. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that courts may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" in ruling on a motion to dismiss). Even if I could, a mortgage lender registering the property title related to one of its mortgages is simply not a criminal act. And if, as I suspect may be the case, it was the mortgage that was recorded, such recording may not be legally required, but often occurs to provide third parties with notice of the priority of the lien. *See MERSCORP, Inc. v. Delaware Cnty*., 207 A.3d 855, 869 (Pa. 2019). As such, their claims for civil conspiracy

9

against these three defendants also fail – and because there is nothing suggesting a colorable claim here, I will dismiss this count with prejudice.

      *6. Obstruction of the administration of justice (Count Seven)*

Plaintiffs also raise a claim for "obstruction of the administration of justice." Again, Plaintiffs fail to identify the source of a civil cause of action for obstruction of justice, and do not identify any supposed elements of this claim. Nor can they, as "[n]o civil cause of action for 'obstruction of justice' exists under either federal law or the law of the state of Pennsylvania." *Bennett v. Maier*, 2:97-cv-3555, 1998 WL 386129, at *4 (E.D. Pa. July 7, 1998) (citing *Amariglio v. Nat'l R.R. Passenger Corp.*, 941 F. Supp. 173, 180 (D.D.C. 1996); *Pelagatti*, 536 A.2d at 1341). As such, this claim must be dismissed with prejudice.

**IV.** **Conclusion**

For the reasons set forth above, Defendants' Motions will be granted. Although certain counts against each moving Defendant are dismissed without prejudice, Plaintiffs are cautioned that Rule 11(b) of the Federal Rules of Civil Procedure applies with equal force to *pro se* litigants as well as to lawyers. An appropriate order follows.

               /s/ Gerald Austin McHugh
               United States District Judge